# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE NO. 142 TEAMSTERS UNION PENSION FUND, TRUSTEES OF THE LOCAL NO. 142 TEAMSTERS UNION TRAINING AND APPRENTICESHIP TRUST FUND, and TRUSTEES OF THE NO. 142 TEAMSTERS UNION ANNUITY FUND, <br><br> Plaintiffs, <br><br> v. <br><br> ACTIN, INC. and ACTIN CONTRACTING LIMITED LIABILITY COMPANY a/k/a ACTIN/TRI CONTRACTING LIMITED LIABILITY COMPANY, <br><br> Defendants. | CAUSE NO.: 2:19-CV-183-TLS-JEM |

## OPINION AND ORDER

This matter is before the court on Plaintiffs' Amended Motion for Default Judgment [ECF No. 18] filed on January 9, 2020.

### FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs are the trustees of a series of funds ("Funds") that fall within the meaning of "Employee Benefit Plans," "Pension Plans," and "multi-employer plans," as those terms are set forth in the Employee Retirement Income Security Act ("ERISA"). Compl. ¶ 3, ECF No. 1. Defendants Actin, Inc. and Actin Contracting Limited Liability Company are employers within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). *Id.* ¶¶ 4, 5. The Defendants are both parties to a Collective Bargaining Agreement ("CBA") with Local Union No. 142 of the

International Brotherhood of Teamsters ("the Union"). *Id.* ¶¶ 7, 10. Additionally, both of the Defendants employ or have employed persons who are represented by the Union and bound by the CBA. *Id.* ¶¶ 8, 11. As such, the Defendants are required to make periodic contributions on behalf of their employees to the Funds. *Id.* ¶¶ 9, 12. The Plaintiffs have brought the instant claims alleging that the Defendants have not made the required contributions.

The Plaintiffs' Complaint [ECF No. 1], filed on May 15, 2019, alleges that the Defendants have violated the CBA between the Union and the Defendants and the related Restated Agreement and Declaration of Trust, as well as Section 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), by failing to pay the required contributions to the Funds from the period of September 2018 to the present for Actin Contracting Limited Liability Company and December 2018 to the present for Actin, Inc. Compl. ¶¶ 15, 16. The Plaintiffs ask the Court to order the Defendants to submit to and fully cooperate with a payroll audit and to pay the Plaintiffs the cost of the payroll audit, all delinquent contributions and contributions currently owed, interest accrued on all delinquent contributions, liquidated damages in the amount of 20% of all delinquent contributions, and reasonable attorneys' fees and costs. *Id.* p. 6.

The Plaintiffs filed an Application for Clerk's Entry of Default as to Defendant Actin Contracting Limited Liability Company [ECF No. 8] on June 13, 2019, and an Application for Clerk's Entry of Default as to Defendant Actin, Inc. [ECF No. 10] on June 24, 2019. An entry of default was made as to Defendants Actin Contracting Limited Liability Company and Actin, Inc. on June 14, 2019, and June 25, 2019, respectively [ECF Nos. 9, 11]. The Plaintiffs subsequently filed, on June 28, 2019, a Motion for Default Judgment [ECF No 12] and a Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment [ECF No. 13]. The Plaintiffs later filed an

Amended Motion for Default Judgment [ECF No. 18] and an Amended Memorandum of Law in Support of Plaintiffs' Amended Motion for Default Judgment [ECF No. 19]. In addition to the Amended Motion and Amended Memorandum, the Plaintiffs submitted the following exhibits:

- Amended Affidavit of Jay Smith in Support of Plaintiffs' Motion for Default Judgment [ECF No. 19–1];[1]

- 2018–2020 Articles of Agreement: Actin, Inc. [ECF No. 19–2];

- 2017–2020 Articles of Agreement Between Teamsters Local Union No. 142 & The NWI Contractors Association [ECF No. 19–3];

- Teamsters Union No. 142 Pension Fund, Teamsters Union No. 142 Health and Welfare Trust Fund: Employer Contribution Collection Policy [ECF No. 19–4];

- Restated Agreement and Declaration of Trust Creating the Teamsters Union No. 142 Pension Fund [ECF No. 19–5];

- Amended Affidavit of Attorney's Fees [ECF No. 19–6];[2]

- Professional Services for Claim Against Actin, Inc. and Actin Contracting Limited Liability Company, a/k/a Actin/Tri Contracting Limited Liability Company [ECF No. 19–7].

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. "Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as

---

[1] Jay Smith is the Fund Manager of the Teamsters Union No. 142 Pension Fund, Training and Apprenticeship Trust Fund, and Annuity Fund.

[2] Prepared by Teresa A. Massa, Plaintiffs' counsel of record.

provided by Rule 55(a)." *J & J Sports Prods., Inc. v. Ramos*, No. 2:17-CV-195, 2019 WL 2206090, at *1 (N.D. Ind. May 22, 2019) (citing *AM. Acceptance Co., LLC v. Goldberg*, No. 2:08-CV-9, 2008 WL 838813, at *2 (N.D. Ind. Mar. 28, 2008)). After an entry of default is made, the Court may, at its discretion, enter default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A district court's entry of "default judgment is justified when 'the defaulting party has exhibited a willful refusal to litigate the case properly,' as evinced by 'a party's continuing disregard for the litigation and for the procedures of the court' and a 'willful choice not to exercise even a minimum level of diligence.'" *United States v. Eckert*, No. 3:18-CV-027, 2018 WL 3617261, at *1 (N.D. Ind. July 30, 2018) (quoting *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003)).

The Seventh Circuit has consistently held that, upon entry of default, "'the well-pleaded allegations of a complaint relating to liability are taken as true.'" *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). "While the well-pleaded allegations of the complaint with respect to liability are generally taken as true, the amount of damages must still be proved." *Eckert*, 2018 WL 3617261, at *2 (citing *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)). To determine with reasonable certainty the proper amount to award as damages to the prevailing party, the court must rely upon either an evidentiary hearing or definite figures contained in documentary evidence or detailed affidavits. *J & J Sports Prods.,* 2019 WL 2206090, at *1 (citing *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *Dundee Cement Co.*, 722 F.2d at 1323).

4

**ANALYSIS**

Almost a year has passed since the Plaintiffs filed their Complaint and the initial summons were served. Months have passed since the Clerk of Court made an entry of default against each Defendant. Despite this, no Defendant has appeared or given any indication of an intent to participate in this litigation. The Defendants' refusal to participate warrants a default judgment.

Upon entry of default, the well-pleaded factual allegations contained within the Complaint relating to liability are taken as true. Therefore, the Court takes to be true that the Defendants failed to contribute to the Funds in violation of the CBA, the Agreement and Declaration of Trust, ERISA, and LMRA. Although the factual allegations of the Plaintiffs' Complaint are taken as true, the Plaintiffs still maintain the burden of proving damages. Under 29 U.S.C. § 1132, the Plaintiffs may recover the following:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of —

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Trs. of the Indiana State Council of Roofers Health & Welfare Fund v. Browns Excavating, Inc.*, No. 4:14-CV-82, 2015 WL 3658067, at *2 (N.D. Ind. June 12,

2015). Further, "audit costs are part of the relief due to a prevailing party under 29 U.S.C. § 1132(a)(2)(E) as 'other legal or equitable relief.'" *Id.* (quoting *Moriarty ex rel. Local Union No. 727 v. SVEC*, 429 F.3d 710, 721 (7th Cir. 2005)).

In this case, a hearing to determine damages is unnecessary because the Plaintiffs have provided the Court the documents necessary to calculate damages. Indeed, the Court was provided with and reviewed several exhibits detailing the amounts owed. Based on these documents, the Court concludes that the Plaintiffs have established the following:

- Actin, Inc. owes delinquent contributions for the months of May 2019 through December 2019 in the amount of $35,040.00 to the Pension Fund, and Actin Contracting Limited Liability Company owes delinquent contributions for the months of May 2019 through December 2019 in the amount of $48,097.20 to the Pension Fund, $2,520.00 to the Training and Apprenticeship Trust Fund, and $24,940.80 to the Annuity Fund. Am. Aff. of Jay Smith ¶ 14, ECF No. 19–1.

- Actin, Inc. owes accrued interest in the amount of $2,581.73 to the Pension Fund, and Actin Contracting Limited Liability Company owes accrued interest in the amount of $5,059.59 to the Pension Fund, $272.16 to the Training and Apprenticeship Trust Fund, and $2,547.36 to the Annuity Fund. *Id.* at ¶ 15; Employer Contribution Collection Policy ¶ 8, ECF No. 19–4; Restated Agreement & Decl. of Trust § 6.04, ECF No. 19–5.

- Actin, Inc. owes liquidated damages to the Pension Fund in the amount of $7,008.00, and Actin Contracting Limited Liability Company owes liquidated damages in the amount of $9,619.44 to the Pension Fund, $504.00 to the Training and Apprenticeship Trust Fund, and $4,988.16 to the Annuity Fund. Am. Aff. of Jay Smith ¶ 16; Employer Contribution Collection Policy ¶ 9; Restated Agreement & Decl. of Trust § 6.050.
- Actin, Inc. and Actin Contracting Limited Liability Company owe attorney fees and costs in the amount of $8,396.42, to be apportioned equally against each Defendant ($4,198.21 each). Am. Aff. of Jay Smith ¶ 17; Am. Aff of Attorney Fees 2, ECF No. 19–6; Professional Services for Claim Against Actin, Inc. and Actin Contracting Limited Liability Company, ECF No. 19–7.
- Actin, Inc. owes audit costs in the amount of $1,900.00. Am. Aff. of Jay Smith ¶ 11.

The Court notes that the Plaintiffs represent that the Defendants have not disputed any amounts claimed by the Plaintiffs. *See* Am. Aff. of Jay Smith ¶ 21. Accordingly, finding the amounts detailed in the Plaintiffs' Motion, Memorandum, and exhibits to be reasonable, the Court concludes that Actin, Inc. is liable to Plaintiffs in the total amount of $50,727.94, and Actin Contracting Limited Liability Company is liable to Plaintiffs in the total amount of $102,746.92.

## CONCLUSION

The Court GRANTS Plaintiffs' Amended Motion for Default Judgment [ECF No. 18]. Judgment is entered in the total amount of $50,727.94 in favor of Plaintiffs and against Defendant Actin, Inc., and in the total amount of $102,746.92 in favor of Plaintiffs and against Defendant Actin Contracting Limited Liability Company. Further, the Court DENIES as moot Plaintiff's Motion for Default Judgement [ECF No. 12].

SO ORDERED on March 11, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT