**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| TRUSTEES OF THE NO. 142 TEAMSTERS UNION PENSION FUND, TRUSTEES OF THE LOCAL NO. 142 TEAMSTERS UNION TRAINING AND APPRENTICESHIP TRUST FUND, and TRUSTEES OF THE NO. 142 TEAMSTERS UNION ANNUITY FUND, <br><br> Plaintiffs, <br><br> v. <br><br> ACTIN, INC. and ACTIN CONTRACTING LIMITED LIABILITY COMPANY a/k/a ACTIN/TRI CONTRACTING LIMITED LIABILITY COMPANY, <br><br> Defendants. | CAUSE NO.: 2:19-CV-183-TLS-JEM |

# OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion to Lift Automatic Stay [ECF No. 22] filed on March 12, 2020. In its March 11, 2020 Order [ECF No. 20], the Court granted the Plaintiffs' Amended Motion for Default Judgment [ECF No. 18] and entered judgment in favor of the Plaintiffs against the Defendants. The Plaintiffs now "request that this Court dissolve the automatic stay created by Rule 62(a) and allow Plaintiffs to file their Verified Motion for Proceedings Supplemental to Execution." Mot. Lift Automatic Stay 2.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."

Fed. R. Civ. P. 62(a). "The purpose of Rule 62(a) is to stay execution of judgment . . . to afford litigants an ample period of time to consider whether to appeal, to file a motion for new trial, and/or to seek a stay of execution of judgment." *Artmann v. Center Garage, Inc.*, No. 2:11-CV-236, 2012 WL 5332355, at *3 (N.D. Ind. Oct. 25, 2012) (quoting *Great Am. Ins. Co. v. Gen. Contractors & Constr. Mgmt.*, No. 07–21489, 2008 WL 2940665, *1 (S.D. Fla. July 28, 2008)). Regardless, courts are afforded the "authority to dissolve the automatic stay." Fed. R. Civ. P. 62(a) advisory committee's note to 2018 amendment.

The Plaintiffs seek to lift the automatic stay because they "believe that Defendants' failure to pay this monthly pension contribution obligation over the past year creates a risk that its assets will be dissipated and/or paid out to other creditors." Mot. Lift Automatic Stay ¶ 5. This is a valid concern, as the Plaintiffs have not received a contribution from the Defendants since 2018. Further, the committee note to Rule 62(a) clearly indicates that courts can lift the automatic stay if there exists a "risk that the judgment debtor's assets will be dissipated." Fed. R. Civ. P. 62(a) advisory committee's note to 2018 amendment.

It may be the case that such a concern, by itself, would be insufficient for the Court to dissolve the automatic stay. Indeed, there is often (if not always) a remote chance that some event, whether misconduct by a defendant or otherwise, could preclude or complicate a plaintiff's ability to execute a court's judgment. However, by considering both the risk the Plaintiffs face and the Defendants' failure to participate in this litigation, the Court concludes that dissolving the stay is appropriate.

The Court reaches its conclusion because, in the instant case, the intended purpose of Rule 62(a) is unlikely to be accomplished. Nearly a year has passed since the Plaintiffs filed their Complaint and the initial summons were served. Months have passed since the Clerk of Court

made an entry of default against each Defendant. Despite this, no Defendant has appeared or given any indication of an intent to participate in this litigation. The Court has no reason to believe that the Court's entry of default judgment has inspired the Defendants to participate in this judicial proceeding. Therefore, the Court's lifting of the stay will cause no, or little, prejudice to the Defendants. *C.f. Scot Lad Foods, Inc. v. Ames Food Mkt, Inc.*, 791 F.2d 935, 1986 WL 16018, at *2 (6th Cir. 1986) (finding harmless error because the appellant "set forth no credible argument that it was injured in any manner designed to be protected by Rule 62(a) by the loss of the ten-day automatic stay").

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiffs' Motion to Lift Automatic Stay [ECF No. 22]. As such, the Court LIFTS the automatic stay imposed pursuant to Federal Rule of Civil Procedure 62(a) and ORDERS that Plaintiffs may pursue proceedings supplemental in accordance with the applicable rules.

SO ORDERED on March 17, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT